IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JORGE GALINDO,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>ROB JEFFREYS,<br><br>　　　　　　Respondent. | 4:23CV3241<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter comes before the Court sua sponte for case management. Petitioner Jorge Galindo petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2254 seeking to vacate the judgment of the Madison County District Court, under which he was (1) convicted of first-degree murder counts; and (2) sentenced to multiple death sentences. Filing No. 1 at 8. It does not appear from the record that a date of execution has been set.

　　　　Any federal judge "before whom *a habeas corpus proceeding is pending*" has the power to stay a state-court action "for any matter involved in the habeas corpus proceeding." *McFarland v. Scott,* 512 U.S. 849, 857 (1994) (citing 28 U.S.C. § 2251) (emphasis in original)). "A stay of execution for a sentence of death imposed by a court of a state is governed by 28 U.S.C. § 2251(a)(1) and (a)(3)." *Aleksey v. Stirling*, 2014 WL 3749339, at *1 (D.S.C.,2014) (citing *Gray v. Kelly,* 564 U.S. 1301 (2011) (citing 28 U.S.C. § 2251(a)(3)); *McFarland,* 512 U.S. 849 (1994); *Powell v. Kelly,* 492 F.Supp.2d 552, 556–57 (E.D. Va. 2007) (applying 28 U.S.C. § 2251(a)(3)); Donald E. Wilkes, Jr., *Federal Postconviction Remedies Handbook* § 7:20 (May 2013) (explaining that the Patriot Act amended 28 U.S.C. § 2251 to expressly ratify the holding in *McFarland*)).

As no execution date has been set the Court need not enter a stay at this time. A stay of the state execution date, however, may be necessary in the future to allow this Court time to rule on the merits of the Petition. See *Lonchar v. Thomas,* 517 U.S. 314, 320 (1996) ("If the district court cannot dismiss the petition on the merits before the scheduled execution, it is obligated to address the merits and must issue a stay to prevent the case from becoming moot.").

IT IS THEREFORE ORDERED THAT:

Attorneys for Petitioner and Respondent are directed to promptly notify this Court in writing if an execution date is (or has been) set. While compliance with this Order may be performed by Respondent by filing a notice informing the Court that a date for Petitioner's execution has been set and the scheduled execution date, the Petitioner may comply either by filing a notice informing the Court of the scheduled date of execution or filing a motion seeking to stay the execution.

Dated this 19th day of December, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court