IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JORGE GALINDO,<br><br>    Petitioner,<br><br>vs.<br><br>ROB JEFFREYS, Director, Nebraska Department of Correctional Services;<br><br>    Respondent. | 4:23CV3241<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on preliminary review of Petitioner Jorge Galindo's Amended Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254 and filed in this Court on July 28, 2025 (the "Amended Petition"), Filing No. 39, along with exhibits in support, which are attached to separate indexes and also filed with this Court, as well as to progress the case after suspension of the prior progression deadlines set forth in Filing Nos. 14 and 23. *See* Filing No. 37.

As an initial matter, the Court determines that Petitioner's claims as set forth in his Amended Petitioner are potentially cognizable in federal court. However, the Court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought. Accordingly, the Court finds it appropriate to progress the case.

The deadlines previously set by this Court in its December 21, 2023, Memorandum and Order progressing this case, Filing No. 14, shall be terminated and replaced by this Memorandum and Order.

IT IS ORDERED:

1. Upon initial review of the Amended Petition and its exhibits, *see* Filing Nos. 39, 2, 3, 4, 5 (and attachments), and 39-1, the Court preliminarily determines that Petitioner's claims as set forth in the Petition are potentially cognizable in federal court.

2. The Memorandum and Order progressing this case entered December 21, 2023, is terminated in its entirety. This Memorandum and Order fully replaces all deadlines and progression procedures.

3. By **September 22, 2025**, Respondent must file a motion for summary judgment or any portion of the state Court record in support of an answer not already filed with this Court. The Clerk of the Court is directed to set a case management deadline in this case using the following text: **September 22, 2025**: deadline for Respondent to file state court records in support of an answer or a motion for summary judgment.

4. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

    A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion not already filed with this Court. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. If the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. If Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent must file an answer, a designation, and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 45 days after the denial of the motion for summary judgment.

4.  If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

    A.  By **September 22, 2025**, Respondent must file all state court records that have not yet been filed with this Court that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Supplemental Designation of State Court Records in Support of Answer."

    B.  No later than 30 days after the relevant state court records are filed, Respondent must file an answer, or *if no additional records are filed, Respondent must file an answer no later than 30 days after the deadline to file all relevant state court records not previously filed with this Court*. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

    C.    Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response.

    E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. If Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

    F.    The Clerk of the Court is directed to set a case management deadline in this case using the following text: **October 21, 2025**: check for Respondent's answer and separate brief.

5.    No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

6. The parties are reminded that any motions not directly governed by this Memorandum and Order must not be contained within the briefing of the parties and instead must be made by separate motion in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.[1]

Dated this 8th day of August, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court

---

[1] While the parties should, if relevant, present argument addressing excuse of any procedurally defaulted claim(s) in their briefing, to the extent the parties seek any additional relief, including but not limited to evidentiary hearings or expansions of the record, such requests for relief shall not be included in the briefing addressing the Petition as provided by this Memorandum and Order.